UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:95-cr-482 KJM AC P |
| Plaintiff-Respondent, | |
| vs. | ORDER |
| BRIAN VIDRINE, | |
| Defendant-Movant. | |

Brian Vidrine ("movant") has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] ECF No. 277. He argues that, after the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) is no longer a "crime of violence" within the meaning of 18 U.S.C. § 924(c)(3). ECF No. 277 at 10. He also argues that California robbery pursuant to Cal. Penal Code § 211 is no longer a crime of violence within the meaning of the United States Sentencing Guidelines. Id. at 19. The government has filed an opposition (ECF No. 283) and movant has submitted a reply (ECF No. 284). In his reply, movant cites the recent Supreme Court decision in Mathis v. United States, 136 S. Ct. 2243 (2016) and argues, for the first time, that § 2113 may be completed via extortion – which does not require the use or fear of physical force. This argument was not raised

---

[1] This motion was assigned, for statistical purposes, the following civil case number: 2:16-cv-03066-KJM-AC.

1

in movant's initial motion because Mathis was decided shortly after it was filed.[2] As a consequence, the government was not afforded an opportunity to address this argument in its opposition.[3] Accordingly, the court will, for the reasons stated hereafter, afford the government an opportunity to file a surreply on this issue prior to deciding the pending motion.

Section 2113(a) provides, in relevant part:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny –
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a). And section (d) states:

> (d) Whoever, in committing, or in attempting to commit, any offense defined in subsection (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

18 U.S.C. § 2113(d). Finally, a "crime of violence" is defined in §924(c)(3) as:

> an offense that is a felony and –
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

---

[2] Mathis was decided on June 23, 2016. Mathis v. United States, 136 S. Ct. 2243 (2016). Movant's motion was filed on June 21, 2016. ECF No. 277.

[3] The government's opposition did cite Mathis (ECF No. 283 at 17), but did not address the core of the argument movant now forwards.

2

18 U.S.C. § 924(c)(3).

The Ninth Circuit previously considered whether § 2113 qualifies as a crime of violence for the purposes of §924(c), and decided the question in the affirmative. United States v. Wright, 215 F.3d 1020, 1028 (9th Cir. 2000); see also United States v. Selfa, 918 F.2d 749, 751 (9th Cir. 1990) (holding that, where defendant violated § 2113(a) by robbing a bank with "force and violence, or intimidation," he was guilty of a crime of violence within the meaning of Guideline Section 4B1.1.). Movant argues that these Ninth Circuit decisions are undercut by the Supreme Court's decision in Mathis which holds that, where a crime has various means of committing a single element that is broader than the generic offense, the broader crime cannot serve as a predicate under the Armed Career Criminal Act. 136 S. Ct. 2243, 2248-49. Mathis also holds that, in considering such a statute with alternative means of satisfying a single element, courts may only consider those elements which would have to be found by a jury or admitted; a judge cannot go beyond the elements "to explore the manner in which the defendant committed that offense." Id. at 2252. Movant contends that Mathis demands that § 2113 be read to include not only those takings perpetrated by "force and violence, or by intimidation," but also those perpetrated by way of "extortion." ECF No. 284 at 33. He contends that Selfa and Wright failed to identify extortion as an alternative means of taking pursuant to § 2113. Id. This failure is relevant, he argues, because extortion is the least culpable way of completing the second element of § 2113 insofar as extortion need not place an individual in fear of physical force. Id. at 35-36. By way of example, he argues that extortion may be committed by putting an individual in fear of "financial or reputational loss" or by "holding a bank employee's family member for ransom without using or threatening force." Id. at 35-36.

The government was not afforded an opportunity to consider and respond to movant's extortion argument because it was not and, to the extent it relies on Mathis, could not have been raised in his initial motion. The local rules do not contemplate a surreply as a matter of right, but one may be authorized where a valid reason for doing so presents itself. See Hill v. England, 2005 U.S. Dist. LEXIS 29357, at *2-3, 2005 WL 3031136, at *1 (Case No. No. 1:05-cv-0869 REC TAG) (E.D. Cal. Nov.8, 2005) (noting that a district court has discretion to allow a surreply

"where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief.") (internal citations omitted). Accordingly, the government will be given an opportunity to address this argument in a surreply, if it so chooses.

Accordingly, IT IS ORDERED that the government may file a surreply which is limited to addressing the Mathis-based extortion argument contained in movant's reply. Any surreply should be filed within fourteen (14) days of this order's entry.

DATED: August 8, 2017

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4