# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:95-CR-482 KJM AC P |
|---|---|
| Plaintiff-Respondent, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| BRIAN VIDRINE, | |
| Defendant-Movant. | |

Brian Vidrine (movant) has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] ECF No. 277. He raises two arguments.

First, he contends that, in light of the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551(2015) ("<u>Johnson II</u>"),[2] armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) is no longer a "crime of violence" within the meaning of 18 U.S.C. § 924(c)(3).

---

[1] This motion was assigned, for administrative purposes, the following civil case number: 2:16-cv-03066-KJM-AC.

[2] In recent years the Supreme Court has issued two <u>Johnson</u> decisions which are commonly referred to as <u>Johnson I</u> and <u>Johnson II</u>. <u>Johnson I</u> refers to <u>Johnson v. United States</u>, 559 U.S. 133 (2010) wherein the court held that the term "physical force" contained in the Armed Career Criminal Act (ACCA) definition of "violent felony" means "violent force – that is force, capable of causing physical pain or injury to another person." <u>Id.</u> at 559 U.S. at 140. Unlike its successor, <u>Johnson I</u> did not substantively address the ACCA's residual clause.

1

In Johnson II, the Supreme Court held that the residual clause[3] of the Armed Career Criminal Act ("ACCA") – 18 U.S.C. § 924(e)(2)(B) – was void for vagueness. Johnson, 135 S. Ct. at 2554. Movant argues that the holding in Johnson II also renders the residual clause contained in 18 U.S.C. § 924(c)(3)(B) unconstitutionally vague and, thus, armed bank robbery in violation of 18 U.S.C. §§ 2113(a), (d) cannot qualify as a "crime of violence" under that clause. He also argues that an armed bank robbery does not qualify as a "crime of violence" under the "force clause" of 18 U.S.C. § 924(c)(3)(A) because it does not require the intentional use or threat of violent physical force.

Second, movant argues that his prior conviction for California robbery under Cal. Penal Code § 211 is no longer a "crime of violence" within the meaning of USSG § 4B1.2(a). As a consequence, he contends that the sentencing court's determination that he was a "career offender" within the meaning of the sentencing guidelines cannot stand.

The government has filed an opposition to the motion (ECF No. 283) and movant has submitted a reply (ECF No. 284). The court invited a surreply from the government on an issue raised for the first time in movant's reply (ECF No. 285) and the government availed itself of that opportunity (ECF No. 286). The court, for the reasons stated hereafter, recommends that movant's motion be denied.

**I.    Background**

There is no dispute concerning the procedural background of this case. Accordingly, the court finds it appropriate to reproduce the government's concise summation of that background:

> Before the trial in this case, Vidrine pleaded guilty to Count 1 of the Third Superseding Indictment, which charged him with Escape, in violation of 18 U.S.C. § 751. *See* ECF 49; PSR ¶1.
>
> After the trial, Vidrine was found guilty on three counts of Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a), -(d) (collectively referred to as "Section 2113") (Counts 2, 4, and 6) and two counts of Using a Firearm During and in Relation to a Crime of

---

[3] 18 U.S.C. § 924(c)(3)(B) defines "violent felony" in the context of the ACCA and provides that such an act includes one that is "burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." The Supreme Court noted that the closing words, emphasized above, have become known as the residual clause. Johnson, 135 S. Ct. at 2555-56.

> Violence, in violation of 18 U.S.C. § 924(c) (Counts 5 and 7). *See* ECF 142, 144; PSR ¶1. The "crimes of violence" underlying Vidrine's Section 924(c) convictions were two of the bank robberies at issue in his Section 2113 convictions.
>
> In October 17, 1997, the district court imposed on Vidrine a 468-month term of imprisonment, composed as follows: a 60-month term on Count 1, the Escape offense; a concurrent 168-month term on Counts 2, 4 and 6, the Armed Bank Robbery offenses; a consecutive-to-all 60-month term on Count 5, the first Section 924(c) offense; and a consecutive-to-all 240-month term on Count 7, the second Section 924(c) offense. *See* ECF 152, 156.
>
> In imposing the 168-month term on Counts 2, 4, and 6, the district court found that Vidrine was a "career offender" within the meaning of the U.S. Sentencing Guidelines, adopting the finding of the presentence report that these Armed Bank Robbery offenses were "crimes of violence" and that he had at least two prior convictions that counted as "crimes of violence," as needed to support a "career offender" enhancement. *See* PSR ¶37. Specifically, the district court found that the Armed Bank Robbery offenses were "crimes of violence," and that Vidrine's 1984 California conviction for robbery (Sacramento Sup. Ct. Case 68742), in violation of Section 211 of the California Penal Code, and his 1986 federal conviction for savings and loan robbery (E.D. Cal. Case 2:86-cr-0170), in violation of Section 2113, qualified as "crimes of violence" under the career offender provision. *See* PSR ¶¶ 37, 49, & 52.
>
> Application of the career offender enhancement meant that (with respect to Counts 2, 4, and 6) Vidrine might have faced a Guidelines range of 262-327 months (offense level 34, criminal history category VI). However, finding that a category VI "significantly over-represent[ed] the seriousness of this defendant's prior arrest history," the district court departed to category V and offense level of 30. SOR at 5. Thus, the total effect of the career offender enhancement was to move the Guidelines range (with respect to Counts 2, 4, and 6) from 135-168 months to 151-188 months. *See* PSR ¶¶39, 59.

ECF No. 283 at 10.

**II.     Law Applicable to Motions Pursuant to 28 U.S.C. § 2255**

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. United States v. Monreal, 301 F.3d 1127, 1130 (9th Cir. 2002). Section 2255 authorizes the court to grant relief if it concludes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the

3

maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974); see also United States v. Gianelli, 543 F.3d 1178, 1184 (9th Cir. 2008).

**III.   Analysis**

    **A.   Whether Armed Bank Robbery Pursuant to § 2113 Remains a Crime of Violence Under 924(c)(3)**

As noted above, movant argues that his sentences under §924(c) must be vacated because armed bank robbery as defined in § 2113 does not, after Johnson II, qualify as a crime of violence under either the force clause of § 924(c)(3)(A) or the residual clause of § 924(c)(3)(B) – which movant now argues is void for vagueness. The court notes, however, that it need not decide whether Johnson II renders §924(c)'s residual clause void for vagueness if it concludes that armed bank robbery still falls within the section's force clause. See United States v. Bailey, 2016 WL 33812182016, U.S. Dist. LEXIS 75556 at *7 n. 2 (C.D. Cal. June 8, 2016) (collecting cases holding that, where a court concludes that an act is a "crime of violence" within § 924(c)(3)(A), it need not consider the effect of Johnson II on the residual clause contained in § 924(c)(3)(B).).

The court applies the "categorical approach" outlined in Taylor v. United States, 495 U.S. 575 (1990) in determining "whether a particular conviction satisfies the specified elements of a sentence-enhancement provision." United States v. Piccolo, 441 F.3d 1084, 1086 (9th Cir. 2006). In applying the categorical approach, the court does not "examine the facts underlying the prior offense, but look[s] only to the fact of conviction and the statutory definition of the prior offense." Id. (internal quotations and citations omitted). The categorical offense is applied "without regard to whether the given offense is a prior offense or the offense of conviction." Id. There are three steps in applying the categorical approach: (1) first, the court should compare whether the statute of conviction is a categorical match to the generic predicate offense or, put another way, whether it criminalizes only as much or less conduct than the generic offense; (2) if the statute criminalizes more conduct than the generic offense it is "overbroad" and the court

4

must determine whether the statute is "divisible" or "indivisible"; (3) finally, if the statute is "overbroad" and "divisible" the court may turn to a "modified categorical approach" and examine documents from the record of conviction to determine what elements of the divisible statute the movant was convicted of violating. See Lopez-Valencia v. Lynch, 798 F.3d 863, 867-68 (9th Cir. 2015). Here, the court must compare the elements of armed bank robbery pursuant to § 2113(a)-(d) with the definition of 'crime of violence' contained in § 924(c)(3).

Section 2113(a) provides:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny –
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a). And (d) states:

> (d) Whoever, in committing, or in attempting to commit, any offense defined in subsection (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

18 U.S.C. § 2113(d). Finally, a "crime of violence" is defined in § 924(c)(3) as:

> an offense that is a felony and –
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

Whether § 2113 qualifies as a crime of violence for the purposes of § 924(c) is not a question without precedent. This circuit has previously answered the question in the affirmative because "[a]rmed bank robbery qualifies as a crime of violence because one of the elements of the offense is a taking 'by force and violence, or by intimidation.'" United States v. Wright, 215 F.3d 1020, 1028 (9th Cir. 2000); see also United States v. Selfa, 918 F.2d 749, 751 (9th Cir. 1990) (holding that, where defendant violated § 2113(a) by robbing a bank with 'force and violence, or intimidation', he was guilty of a crime of violence within the meaning of Guideline Section 4B1.1.).[4] As such, the most pertinent question posed by movant's motion is whether Wright and Selfa are still good law. If the court concludes that they are, the motion must be denied.

Movant argues that Wright and Selfa have been overruled by intervening cases. He contends that: (1) federal armed bank robbery does not require proof of the use, or threatened use of violent physical force; and (2) federal armed bank robbery does not require proof of the intentional use of threatened or physical force. Neither Wright nor Selfa has been explicitly overruled, however. Accordingly, this court must determine whether these decisions "have been undercut by higher authority to such an extent that [they have] been effectively overruled by such higher authority and hence [are] no longer binding on district judges and three-judge panels of this court." Miller v. Gammie, 335 F.3d 889, 899 (9th Cir. 2003). Miller holds that "circuit precedent, authoritative at the time that it issued, can be effectively overruled by subsequent

---

[4] A crime of violence in the context of section 4B1.1 is defined as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

18 USCS Appx § 4B1.2. The Selfa court emphasized that "intimidation" was sufficient to meet section 4B1.2(1)'s "threatened use of physical force." 918 F.2d 749 at 751.

6

Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent." Id. Nevertheless, Miller also states that "the relevant court of last resort must have undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are *clearly irreconcilable*." Id. at 900 (emphasis added).

With Miller in mind, the court turns to movant's contention that armed bank robbery does not require the proof of the use or threatened use of violent physical force. Movant points to the Supreme Court's decision in Johnson I, which held that, in the context defining "violent felony" for the purposes of §924(e)(2)(B)(i), the phrase "physical force" means *violent* force – that is force capable of causing physical pain or injury to another person." 559 U.S. at 140. He argues that armed bank robbery under § 2113 does not meet this definition insofar as (1) § 2113(a) contemplates the taking of property not only through force and violence, but also unintentional, non-violent intimidation; and (2) the language of § 2113(d) – namely its emphasis on "put[ting] in jeopardy the life of any person by use of a dangerous weapon or device" – does not actually require that the weapon or device be employed to facilitate the element of intimidation.

### a. Unintentional, Non-Violent Intimidation

With respect to the possibility of unintentional intimidation, the Ninth Circuit has previously defined "intimidation" under § 2113(a) as "*willfully* to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm." Selfa, 918 F.2d at 751 (citing United States v. Hopkins, 703 F.2d 1102, 1103 (9th Cir. 1983) (emphasis added)). Additionally, the Supreme Court's decision in Carter v. United States holds that § 2113(a) demands proof of general intent, "that is, that the defendant possessed knowledge with respect to the *actus reus* of the crime (here, the taking of property of another by force and violence or intimidation)." 530 U.S. 255, 268 (2000). Movant cites the Ninth Circuit's decision in United States v. Foppe, 993 F.2d 1444, 1451 (9th Cir. 1993) for the proposition that "a defendant's intent to intimidate is not an element of bank robbery." But the decision in Foppe held only that "[u]narmed bank robbery, as defined in section 2113(a), is a general intent crime, not a specific intent crime." Id. One court in the Southern District of New York confronted a similar intentionality claim with respect to 2113(a) and, referencing Carter, persuasively explained:

7

> The Supreme Court has explained that Section 2113(a) is a general intent crime whose mens rea requirement is satisfied only if the "defendant possessed knowledge with respect to the actus reus of the crime (here, the taking of property of another by force and violence or intimidation)." *Carter v. United States*, 530 U.S. 255, 268, 120 S. Ct. 2159, 147 L. Ed. 2d 203 (2000). In other words, a defendant charged with bank robbery pursuant to Section 2113(a) must intentionally perform objectively intimidating actions in the course of unlawfully taking the property of another. If a defendant robs a bank with violence, the prosecution need not prove a specific intent to cause pain or to induce compliance. Similarly, if a defendant robs a bank with intimidation, the prosecution need not prove a specific intent to cause fear. This does not mean that the bank robbery was accomplished through "negligent or merely accidental conduct." [*Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004)]. Accordingly, the Court rejects [defendant's] "somewhat implausible paradigm where a defendant unlawfully obtains another person's property against their will by unintentionally placing the victim in fear of injury." [citation omitted].

United States v. Pena, 161 F. Supp. 3d 268, 283-284, 2016 U.S. Dist. LEXIS 18329, 2016 WL 690746 (S.D.N.Y. Feb. 11, 2016).

The court also rejects movant's claim that armed bank robbery may be accomplished with non-violent intimidation and thus does not constitute a crime of violence. He offers, by way of example, a scenario in which a defendant makes a simple demand for money from a bank teller, unaccompanied by more. ECF No. 277 at 14. The Selfa court explicitly concluded, however, that "persons convicted of 18 U.S.C. § 2113(a) have been convicted of a 'crime of violence' within the meaning of Guideline Section 4B1.1." Selfa, 918 F.2d at 751. In so doing, it concluded that intimidation under § 2113 meant "willfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm." Id. This tracks the Force Clause's requirement that the offense have a "threatened use of physical force." 18 U.S.C. § 924(c)(3). More recent Ninth Circuit decisions have followed suit. See United States v. Steppes, 651 Fed. Appx. 697 (9th Cir. 2016) (holding that, after Johnson II, bank robbery under §2113(a) is still a crime of violence for the purposes of U.S.S.G. § 4B1.2(a)); United States v. Howard, 650 Fed. Appx. 466, 468 (9th Cir. 2016) (relying on Selfa to reject movant's claim that, because Hobbs Act robbery could also be accomplished by putting someone in "fear of injury," it was not a crime of violence within the meaning of 18 U.S.C. § 924(c)(3)(A).); United States v. Pritchard, 2017 U.S. App. LEXIS 8757, *4, 2017 WL 2219005 (9th Cir. 2017) (affirming that

Johnson I's "violent force" requirement "is not inconsistent with our clear statement that intimidation is sufficient to meet the . . . requirement of a threatened use of physical force.") (internal quotation marks omitted).

Finally, other circuits have weighed similar arguments and rejected them. See United States v. McNeal, 818 F.3d 141, 153 (4th Cir. 2016) (holding that "[b]ank robbery under § 2113(a), 'by intimidation,' requires the threatened use of physical force" and, therefore, "includes an element that is 'the use, attempted use, or threatened use of physical force,' and thus bank robbery under § 2113(a) constitutes a crime of violence under the force clause of § 924(c)(3)."); United States v. Armour, 840 F.3d 904, 909 (7th Cir. 2016) ("[V]iolent force that must be feared for robbery by intimidation to be a crime of violence has a low threshold — a fear of a slap in the face is enough . . . This low threshold of violent force is necessarily satisfied in attempted bank robbery by intimidation.") (internal citations omitted); In re Hines, 824 F.3d 1334, 1337 (11th Cir. 2016) ("And a conviction for armed bank robbery clearly meets the requirement for an underlying felony offense, as set out in § 924(c)(3)(A), which requires the underlying offense to include as an element, 'the use, attempted use, or threatened use of physical force against the person or property of another.'").

### b. 2113(d)

Movant's contention that "putting in danger the life of another through use of a dangerous weapon or device" under § 2113(d) does not require use or threat of violent force is also untenable. Subsection 2113(d) merely enhances the maximum sentence for armed bank robbery when a dangerous weapon is used. As such, it would be impossible to conclude that § 2113(a) did constitute a crime of violence (as the court has), but § 2113(d) did not. See McNeal, 818F.3d at 157.

### c. Extortion

In his reply, movant raises an additional argument not put forward in his original motion. He argues that the Ninth Circuit's Selfa and Wright decisions read §2113(a) to only include takings "by force and violence, or by intimidation" and overlook the possibility of takings by "extortion." In so doing, he relies on Mathis v. United States, 136 S. Ct. 2243 (2016), in which

9

the Supreme Court held that, in weighing a statute with alternative means of satisfying a single element, courts may only consider those elements which would have to be found by a jury or admitted; a judge cannot go beyond the elements "to explore the manner in which the defendant committed that offense." Id. at 2252. Mathis was decided on June 23, 2016 - after movant filed his motion on June 21, 2016 (ECF No. 277). Thus, the court found it appropriate to invite a surreply on this issue from the government (ECF No. 285) and it has filed one (ECF No. 286).

Movant's reliance on Mathis is misplaced because this court concludes that § 2113(a) contains a divisible set of elements rather than a single set of alternative means of satisfying one element. In sum, extortion is a separate crime rather than a means by which to commit bank robbery. A statute is divisible if it "sets out one or more elements of the offense in the alternative." Descamps v. United States, 133 S. Ct. 2276, 2281 (2013). The most logical reading of 2113(a)'s first paragraph is that a defendant may violate its prohibitions in two separate ways.

First, he may violate it when:

> [B]y force and violence, or by intimidation, [he] takes, or attempts to take, from the person or presence of another . . . any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . .

18 U.S.C. § 2113(a). This language aligns with the prototypical bank robbery, in which the perpetrator enters the bank and, by using force or threat of immediate force, effects a taking. Additionally, this language closely tracks the generic definition of robbery. See United States v. Melton, 344 F.3d 1021, 1025-1026 (9th Cir. 2003) (noting that the common law definition of robbery is "the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation."; see also United States v. Walker, 595 F.3d 441, 446 (2d Cir. 2010) (noting that "all fifty states define robbery, essentially, as the taking of property from another person or from the immediate presence of another person by force or by intimidation.").

Second, a defendant may violate 2113(a)'s first paragraph when he "obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan

association . . ." 18 U.S.C. § 2113(a). Under the Hobbs Act, extortion is defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." United States v. Kincaid-Chauncey, 556 F.3d 923, 941 (9th Cir. 2009). And the Supreme Court has indicated its presumption that Congress intended to incorporate the common law definition of extortion when it passed the Hobbs Act. Wilkie v. Robbins, 551 U.S. 537, 563 (2007).

Set side by side and placed in proper context, movant's interpretation of 2113(a)'s first paragraph as an indivisible set of alternatives for satisfying a single offense makes little sense. Robbery and extortion are distinct crimes which may be committed in ways that do not overlap. The syntax of the paragraph lends credence to the notion that this section is divisible - note the use of "take" versus "obtain." This linguistic distinction tracks the common law differences between the offenses of robbery (a taking against the victim's will) and extortion (obtaining with the victim's consent). Additionally, as the government points out, robbery and extortion have been treated as separate elements under the Hobbs Act. See Evans v. United States, 504 U.S. 255, 263-65 (1992); see also United States v. Hancock, 168 F. Supp. 3d 817, 821 (D. Md. 2016) ("[T]he Hobbs Act is divisible as there are two or more alternative sets of elements. The [c]ourt must therefore use the modified categorical approach . . . to determine which of these forms of the Hobbs Act (robbery or extortion) is at issue in this case."). And Congressional intent indicates that the same should hold true section 2113(a). The extortion language was added to 2113(a) in 1986 to ensure that extortion directed at federally insured banks was prosecuted under that section rather than the Hobbs Act. See H.R. Rep. No. 99-797, 32-33, 1986 U.S.C.C.A.N. 6138, 6155-56.[5] It therefore stands to reason that, as in the Hobbs Act, Congress intended extortion to be a

---

[5] Section 51 of the bill amends 18 U.S.C. 2113(a), which deals with bank robbery. Currently 18 U.S.C. 2113(a) covers the taking of property of a federally insured bank by force and violence or by intimidation, if the taking was 'from the person or presence of another'. Federal courts are divided over the question whether this provision proscribed extortionate conduct—e.g., a perpetrator who, from a place outside the bank, threatens the family of a bank official in order to cause the bank official to remove money from the bank and deliver it to a specified location. Some courts have held that such conduct may be prosecuted under 18 U.S.C. 2113(a).

separate element. See also Delion v. United States, No. 16-14265, 2016 U.S. Dist. LEXIS 170064, *29 (S.D. Fla. Dec. 7, 2016) (adopted by Delion v. United States, No. 16-14265, 2017 U.S. Dist. LEXIS 82378 (S.D. Fla., May 25, 2017) ("The version of a § 2113(a) offense discussed above is committed by either force, violence, or intimidation. There are two addition[al] versions of the offense. A defendant can be found guilty of § 2113(a) also for extortion or for committing a felony that affects the bank.").

Based on the foregoing, the court will employ the modified categorical approach to determine which elements of §2113(a) underlie movant's conviction. Descamps, 133 S. Ct. at 2281. As noted supra, employing the modified approach allows a court "to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." Id. These documents, often referred to as Shepard

---

> Some courts have held that such conduct may be prosecuted under the Hobbs Act. Still other courts have determined that such conduct may be prosecuted under either provision.
>
> There is no gap in federal law. Extortionate conduct is prosecutable either under the bank robbery provision or the Hobbs Act, both of which carry the same maximum prison term (20 years). However, clarification as to which should be the applicable statute is desirable.
>
> The Justice Department believes that the natural and appropriate vehicle for prosecuting extortionate activity involving the obtaining of bank monies is 18 U.S.C. 2113(a), rather than the Hobbs Act, which has the purpose of safeguarding the channels of interstate and foreign commerce from the adverse effects of robbery and extortion. The Committee concurs. Accordingly, section 51 amends 18 U.S.C. 2113(a) expressly to cover crimes of extortion directed at federally insured banks. The Committee intends to overrule those cases holding that only the Hobbs Act applies, and those cases holding that both the Hobbs Act and 18 U.S.C. 2113(a) apply, in order to make 18 U.S.C. 2113(a) the exclusive provision for prosecuting bank extortion. The term 'extortion' as used in 18 U.S.C. 2113(a) means obtaining property from another person, without the other person's consent, induced by the wrongful use of actual or threatened force, violence, or fear.

H.R. REP. 99-797, 32-33, 1986 U.S.C.C.A.N. 6138, 6155-56. The court agrees with the government that the inclusion of the word "without" in the last sentence of the reproduced Report appears to be a typographical error. The Hobbs Act definition of extortion clearly contemplates consent, see supra, and the Report offers no indication that such a drastic shift in language was intended.

documents, include "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Shepard v. United States, 544 U.S. 13, 26 (2005). The third superseding indictment in this case confirms that movant was charged with violating §§ 2113 (a) - (d) "by force and violence, or by intimidation" and not by extortion. See ECF No. 37 at 2-4; ECF No. 287-1 at 2-4.

### B. Whether § 211 Robbery Remains a Crime of Violence under § 4B1.2

Next, movant claims that, after Johnson II, robbery pursuant to California Penal Code § 211 is no longer a crime of violence for the purposes of U.S.S.G. § 4B1.2(a). This provision of the sentencing guidelines states:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a). Recently, in Beckles v. United States, the Supreme Court held that "the *advisory* Sentencing Guidelines, including § 4B1.2(a)'s residual clause, are not subject to a challenge under the void-for-vagueness doctrine." 137 S. Ct. 886, 896 (2017) (emphasis added). In his reply, movant argues that Beckles does not hinder, but actually aids his argument insofar as he was sentenced under the *mandatory* guidelines system. ECF No. 284 at 15-17. The court disagrees.

The Supreme Court has not decided the question. In her concurring opinion in Beckles, Justice Sotomayor noted:

> The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) that is, during the period in which the

13

> Guidelines *did* "fix the permissible range of sentences," *ante*, at ___, 197 L. Ed. 2d, at 152—may mount vagueness attacks on their sentences.
>
> . . .
>
> That question is not presented by this case and I, like the majority, take no position on its appropriate resolution.

137 S. Ct. at 903 n.4 (Sotomayor, J., concurring in the judgment). Nothing in <u>Beckles</u> indicates that the Supreme Court intended <u>Johnson II</u> to invalidate the residual clause of the mandatory guidelines. As a consequence, acceptance of movant's argument requires not an application of <u>Johnson II</u>, but instead an extension of <u>Johnson II</u> which the Supreme Court has not articulated. Such an extension would amount to a "new rule" insofar as it is "not, in fact, apparent to all reasonable jurists." <u>See</u> <u>United States v. Cruz</u>, 423 F.3d 1119, 1120 (9th Cir. 2005) ("Given the dissenting opinions in *Booker* and the previous cases, it is apparent that the rule was not in fact apparent to all reasonable jurists, and thus, under the Supreme Court's definition, it was in fact a new rule.") (quoting <u>Beard v. Banks</u>, 542 U.S. 406, 413 (2004)). Other courts in this circuit have reached this conclusion. <u>See</u>, <u>e.g.</u>, <u>Hodges v. United States</u>, 2017 WL 1652967, 2017 U.S. Dist. LEXIS 67694, *7 (W.D. Wash. May 2, 2017); <u>Hirano v. United States</u>, 2017 WL 2661629, 2017 U.S. Dist. LEXIS 94989, *19 (D. Haw. June 20, 2017). This court is not empowered to announce a new rule; that must come from the Supreme Court. Accordingly, movant's claim is time-barred insofar as the only limitation period[6] which would authorize this claim would run from "the date on which the right asserted was initially recognized by the *Supreme Court*, if that right has been newly recognized by the *Supreme Court* and made retroactively applicable to cases on collateral review." <u>See</u> 28 U.S.C. § 2255(f)(3) (emphasis added). This claim will only be cognizable when

---

[6] Movant's judgment of conviction appears to have become final on March 22, 1999 – ninety days after the Ninth Circuit affirmed his conviction and he declined to file a petition for writ of certiorari. <u>See</u> ECF No. 176; <u>Clay v. United States</u>, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."). And petitioner does not assert that there was any impediment to bringing this claim that was recently removed, nor does he assert that it is based on facts that, until recently, could not have been discovered through the exercise of due diligence. <u>See</u> 28 U.S.C. § 2255(f)(2), (4).

and if the Supreme Court recognizes it and makes it retroactively applicable to cases on collateral review.

IV. **Certificate of Appealability**

The court concludes that reasonable jurists could debate its findings. Accordingly, it recommends that a certificate of appealability be granted as to each of movant's claims for relief.

V. **Conclusion**

Based on the foregoing, it is recommended that:

1. Movant's section 2255 motion (ECF No. 277) be DENIED;

2. The Clerk of Court be directed to close the companion civil case at No. 2:16-cv-03066-KJM-AC; and

3. A certificate of appealability be granted as to each of movant's claims for relief.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In his objections movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: August 31, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE